# COURTNEY C. NAIRN

*v.*

# LUCE, CREHORE, & CO. ET AL.

San Juan, Law, No. 439.

1. Plaintiff and defendants entered into a contract whereby plaintiff was to find a sale for defendants' land, the latter, however, reserving to themselves the right to know the name of the proposed purchaser, and to finally accept or reject his bid. Held: That plaintiff's commission was not earned unless defendants accepted the bid.

2. If such bidder agreed to pay the price fixed by defendants, with knowledge on the part of the plaintiff that the defendants had already closed with a third party, then plaintiff's commission was not earned.

3. As long as an unconditional offer is pending, it may be accepted.

4. An issue on which no proof, or not sufficient proof, was presented, will be withdrawn from the jury.

Case tried April 30, 1907.

*Mr. Henry F. Hord* and *Mr. Joseph Anderson,* attorneys for plaintiff.

*Mr. F. H. Dexter,* attorney for defendants.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a suit by the plaintiff, Mr. Nairn, against the several

defendants mentioned in the complaint, which is before you, for the sum of $2,000, which he claims for services and commissions alleged to have been rendered and performed by him as shown you by the evidence. The defendants admit that the plaintiff is entitled to recover a 5 per cent commission on two sales that were made, and which amounted to $1,500, and they also admit that he is entitled to a similar commission on some $30 collected for pasturage, etc. On these admissions, you are instructed that you must find for the plaintiff to that extent in any event. Defendants deny, and therefore it is submitted to you, as to whether or not plaintiff ought to have any compensation for his care-taking of the premises, about which evidence has been introduced, and for superintending repairs on a house, which latter defendants paid for, amounting to some $160.

If you believe, from a preponderance of the evidence, that plaintiff performed this care-taking and the other services at the request of the defendants, and that he was not in any other manner compensated therefor, then you are instructed that it is your duty to allow him what you may believe, from a preponderance of the evidence, to be reasonable compensation in the premises for such particular service, and add it to the other amounts admitted to be due him as aforesaid.

You are instructed that, even though the evidence shows that this plaintiff was appointed an agent, with a right to make efforts to sell the property in question, still, if you believe, from a preponderance of the evidence, that the defendants reserved to themselves the right to know whom plaintiff was dealing with before they ratified the transaction, and to have the name submitted to them, then, until plaintiff had done so, and they were satisfied with the terms and the purchaser, they would not

Nairn v. Luce, Crehore, & Co.

be bound to pay any commission to plaintiff in the premises, no matter how much work the latter may have done in and about trying to make the sale, and you could not, in such case, allow plaintiff anything therefor.

You are further instructed that the evidence shows conclusively that defendants never finally accepted any offer made to them through plaintiff to sell their land to Mr. Beames or Judge Hord, and therefore you must find for the defendants as to that; that is, ignore the matter as against defendants.

If you believe, from a preponderance of the evidence, that the plaintiff submitted an offer of $12,000 on certain terms to the defendants for their land, from Mr. Padin, and that they, knowing who the bidder was, answered that they would accept $15,-000 on the same terms, and you further believe, from a preponderance of the evidence, that such offer of $15,000 was submitted to Padin by the plaintiff, and Padin accepted the same, then you are further instructed that, if you believe, from a preponderance of the evidence, that, at the moment of submitting that offer from defendants to Padin, he, the plaintiff, had knowledge that defendants had already either sold to Behn Bros., or were holding the property for them, then plaintiff would not be entitled to recover any commission on such sale, and you should find against him in that regard; but, if you believe that plaintiff submitted that offer to Padin, and the latter accepted it before plaintiff had any knowledge that defendants had already dealt, or promised to deal, with Behn Bros., then you are instructed that plaintiff had his commission earned at the instant of the acceptance, and the fact that information arrived to him afterwards, if you shall so believe, instead of before that event, would not deprive him of his right to his commission on the

IV. Porto Rico—3.

Nairn v. Luce, Crehore, & Co.

sale of this land, and you should find in his favor in that regard;
because, as matter of law, while an unconditional offer is pend-
ing from one person to another, that other person has a right to
act on it. The rescinding of the offer after it had been acted on
could make no difference in the earning of the commission, pro-
vided defendants knew they were dealing with Padin, and Padin
was satisfactory to them.

If you find that the plaintiff is entitled to compensation or
commission on the main sale, then the court instructs you that
the rate to fix therefor is 5 per centum of the amount of the
sale, under the evidence.

You heard all the witnesses, and noted their demeanor and
manner on the stand, and you are the judges of the credibility
to be given to their statements, taking into consideration, of
course, their interest in the cause in arriving at your decision.
As often stated before, if you believe that any witness has wil-
fully sworn falsely as to any material fact, then you may dis-
regard the whole or any portion of his testimony not otherwise
duly corroborated in the case.

The correspondence which was introduced in evidence is
given you in a bundle numbered in blue pencil in a circle, from
1 to 38. It is supposed that these numbers properly show the
sequential order as to time of the several communications be-
tween the parties. The telegrams, with a letter or two among
them, are also given you in a bundle, and are in like manner
numbered from 1 to 13, inclusive, and it is in like manner sup-
posed that these numbers represent the sequential order of this
correspondence between the parties.

The sequential order of both classes of correspondence, coup-
led with the evidence given orally, is important, and you are

Nairn v. Luce, Crehore, & Co.

cautioned that, in your deliberations, you must consider the difference between telegrams and letters, and the time which, in your opinion, it would require for the one or the other to arrive at their destination, no matter what the date may be.

You will notice that you are restricted in your deliberations to the Padin transaction as governing the right of plaintiff to recover this larger commission. The Hord-Beames transaction is not left to you by the court.

The pleadings will be given you to carry to your room, which, coupled with the correspondence and the oral testimony you heard and these instructions, must be the basis of your findings.

But one form of verdict will be given you, because you will appreciate that you must find for the plaintiff in any event, the only question being what items you shall include in your finding under these instructions. You may, as will be seen, find in his favor for what is admitted, and for none, or any portion, or even the whole, of what is not admitted.

When you arrive at a verdict, it will be signed by one of your number as foreman, whom you appoint for that purpose, and returned into court. With these admonitions the cause is submitted to you.

The verdict was for the plaintiff in the sum of $76.60.